# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW McCALLOP and ) <br> JEREMIAH L. WILSON on behalf of ) <br> themselves and others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v.                                                       ) <br> ) <br> READY ACQUISITIONS, INC., ) <br> ) <br> Defendant.                               ) | Case No. 08-1160-WEB-DWB |

## JOINTLY PROPOSED PROTECTIVE ORDER

Upon review of the proposed Protective Order, the Court hereby grants the oral Joint Motion for Entry of Protective Order as set forth herein.

As a preliminary matter, The Plaintiffs allege (i) the Defendant has violated the Fair Labor Standards Act by failing to pay the Plaintiffs wages, (ii) the Defendant retaliated against one or more of the Plaintiffs, (iii) the Plaintiffs were damaged by the Defendant's alleged violation, and (iv) the Plaintiffs are entitled to monetary damages as a result of the Defendant's purported violation. Accordingly, the Plaintiffs are expected to request confidential, non-public documents and information regarding the Defendant's intellectual property, business operations, and financial condition that the Defendant considers to be proprietary or trade secrets. Moreover, the Plaintiffs are expected to request personnel documents, records, and possibly other information regarding the Defendant's employees. The Defendant is expected to seek documents and information regarding the Plaintiffs' personal financial and medical information. Based on the foregoing, good cause exists for entry of a Protective Order.

The terms and conditions of this Protective Order shall be applicable to, and govern, documents and information specifically identified below.

For good cause shown, the Court hereby enters the following Protective Order, the terms and conditions of which shall govern documents and information deemed confidential by the parties and specifically identified below.

1. **<u>Designations of "CONFIDENTIAL" materials.</u>**   The parties shall have the right to designate as "CONFIDENTIAL," and this Protective Order shall only apply to, any documents or information that are:

   a. Personnel records and other information regarding Defendant's employees who are not, and are not expected to be parties to this action;

   b. Non-public confidential information and documents regarding Defendant's business operations and financial condition; or

   c. Plaintiffs' personal information, including personal financial and medical information.

2. **<u>Designation of Deposition Testimony as Confidential.</u>**   With respect to deposition testimony, the designation of confidentiality may be made on the record at the time of the deposition, at which time the testimony shall be subject to the full protection of this Order. In the case of testimony not so designated during the course of a deposition, counsel may, within ten days of receipt of the deposition transcript, notify the parties that the deposition testimony contains confidential material, in which case the designated testimony shall be subject to the full protections of this Order.

3. **<u>Restriction on Disclosure of Designated Materials.</u>**   No information or things designated "CONFIDENTIAL" shall be disclosed by any party, except as set forth in this Protective Order. No party shall use any material designated "CONFIDENTIAL" for any purpose other than in connection with preparation and trial of this action. No copies of designated materials shall be made, except by or on behalf of counsel of record for the parties to this Protective Order, or their experts and/or consultants.

4. **<u>Marking of Designated Materials.</u>** Documents subject to this Protective Order shall be marked by placing the legend "CONFIDENTIAL," on each page of the document. All documents to be so designated shall be marked prior to the provision of a physical copy thereof

to the receiving party. If such documents have already been produced to another party, the party producing the documents shall notify the receiving party immediately that such documents shall be marked and deemed "CONFIDENTIAL" under the terms of this Protective Order.

To the extent not inconsistent with any other paragraph, this paragraph shall govern information that has been produced and inadvertently not initially designated "CONFIDENTIAL." The initial failure to designate information in accordance with this Protective Order shall not preclude the producing party, at a later date, from designating any information "CONFIDENTIAL." The producing party may, by written notice to counsel of record for the receiving party, designate previously produced information as "CONFIDENTIAL" which it had inadvertently failed to designate as "CONFIDENTIAL." Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL," shall restrict the disclosure or use of such information only to those persons qualified pursuant to this Protective Order, and if such information has previously been disclosed to non-parties, take reasonable steps to obtain all such previously disclosed information and advise such non-parties to treat the designated materials confidentially as though originally so designated.

**5.     Access to "CONFIDENTIAL" materials.**     Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

   a.     Any party to this action;

   b.     Counsel working on this action on behalf of any party to this action, and all assistants and stenographic and clerical employees working under the direct supervision of counsel, copying service providers and other independent contractors retained for the purpose of this litigation;

    c.    Any person not employed by a party who is expressly retained by a party, or any attorney described in paragraph 4(b), to assist in litigation of this action, with disclosure of "CONFIDENTIAL" materials only to the extent necessary to perform such work;

    d.    Court reporters;

    e.    The Court;

    f.    Deponents; and

    g.    Potential, anticipated or actual fact witnesses and their counsel upon seven days' notice to the producing party before showing "CONFIDENTIAL" materials to potential, anticipated, or actual fact witnesses and their counsel.

**6.** **Undertaking of Persons Receiving Designated Materials.** In no event shall any material designated "CONFIDENTIAL" be disclosed to any person described in paragraphs 5(c), 5(f), and 5(g) until that person has executed a written declaration in the form attached hereto as Exhibit A acknowledging he or she has read a copy of this Protective Order and agrees to be bound thereby. In the event of depositions of third party witnesses, at which "CONFIDENTIAL" information is to be shown or revealed to the deponent, the party seeking to use such information shall request that said deponent execute a written declaration in the form attached hereto as Exhibit A. Unless such a declaration is obtained, "CONFIDENTIAL" information shall not be disclosed to the deponent. Counsel of record shall be responsible for maintaining a file of all such declarations. The signed declarations shall be available for inspection by this Court and any other party.

**7.** **Challenging Designations of Confidentiality**. Any party may request in writing, to the party producing documents, information, or material designated as "CONFIDENTIAL," that the designation be modified or withdrawn. If any party disputes the confidentiality of a document or information marked as "CONFIDENTIAL" (hereinafter, "the disputing party"), the disputing

party shall state that objection and include a basis for the objection, by letter to the designating party.  The parties agree to confer by telephone or in person to resolve any dispute respecting the terms and conditions of this Protective Order.  If the parties are unable to resolve the dispute, the producing party must file a motion seeking a protective order within twenty-one (21) days of the failure to resolve such dispute.  Upon any such motion, the burden shall be on the producing party to show why its designation is proper.  Until the Court rules on such a dispute, the documents or information in question shall continue to be treated as "CONFIDENTIAL" information as designated.

**8.**     **<u>Limitations Upon the Scope of Order.</u>**  Nothing contained in this Protective Order shall affect the right of the designating party to disclose, or use for any purpose, the documents or information produced by it as "CONFIDENTIAL."

**9.**     **<u>Breach of This Order.</u>**  Parties may seek appropriate remedies for breach of the provisions of this Protective Order.

**10.**    **<u>Maintenance of Materials as Confidential.</u>**  At the conclusion of this litigation, all documents and materials produced to Plaintiff, Defendant, or persons described in Paragraphs 5(c), 5(f), and 5(g) above pursuant to the terms of this Order, and all copies, summaries, and abstracts of such materials, however maintained, shall be kept completely confidential.  Counsel for either party may use these confidential documents and materials only for the purpose of defending ethical charges or professional malpractice charges, and may not use confidential documents or materials in any subsequent lawsuit.

**11.**    **<u>Filing Confidential Documents with the Court.</u>**  If a party wishes to use any information identified as Confidential, that party shall file a motion seeking leave to file such

information and used therein under seal. If the Court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential.

D. Kan. Rule 5.4.6 governs sealed documents and currently requires conventional filing for all documents ordered to be placed under seal in civil cases until the Electronic Filing System "has adequate confidentiality procedures for sealed documents." Pursuant to Standard Order 07-03, as of July 19, 2007, the District of Kansas has adopted such adequate procedures for the electronic filing of sealed documents.

Standard Order 07-03 provides in part:

> [I]n civil cases, a party filing a motion for leave to file documents under seal shall file that motion electronically, under seal, in the Electronic Filing System. The motion for leave to file under seal shall attach as sealed exhibits the document(s) the party wishes to be filed under seal. . . . Finally, the party shall provide the motion and document(s) it wishes to be filed under seal to all other parties in the case. If the motion for leave to file under seal is granted, the assigned judge will enter electronically an order authorizing the filing of the document(s) under seal. The assigned judge will also direct the clerk's office to grant to all attorneys who have entered an appearance in that case . . . the ability to view sealed documents in that case . . . . The filing party shall then file its document(s) electronically under seal.

**12.     Duration of Order.**  The confidentiality obligations imposed by this Protective Order shall remain in effect through the final disposition of this case. The parties understand and agree that each of them may seek leave to reopen this case to enforce the provisions of this Protective Order.

IT IS SO ORDERED.

Dated this 5th day of August, 2008, at Wichita, Kansas.

    s/   DONALD W. BOSTWICK
Donald W. Bostwick
United States Magistrate Judge

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW McCALLOP and <br> JEREMIAH L. WILSON on behalf of <br> themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> READY ACQUISITIONS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 08-1160-WEB-DWB <br> ) <br> ) <br> ) <br> ) |

### DECLARATION REGARDING PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION

I _____ declare as follows:

My address is _____;

My present employer is _____;

My present occupation or job description is _____.

I hereby acknowledge that I have received, or may receive, information designated as "CONFIDENTIAL" under a Protective Order issued by the Court in the above lawsuit, and I acknowledge agree to be bound by the terms and restrictions of such Protective Order.

I further state that I have (i) been given a copy of, and have read, the Protective Order; (ii) I am familiar with the terms of the Protective Order; (iii) I agree to comply with, and to be bound by, each of the terms thereof; and (iv) I agree to hold in confidence any information disclosed to me pursuant to the terms of the Protective Order.

-7-

I understand I am to (i) retain all of the materials I receive which have been designated as "CONFIDENTIAL" in a safe place in a manner consistent with the Protective Order; (ii) make no copies or other reproductions of any such materials except in connection with my assistance to counsel in this case; (iii) all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and (iv) any materials, memoranda, work notes, or other documents derived from documents designated as "CONFIDENTIAL," or any information contained therein, are to be delivered to the party who provided the designated materials to me.  Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.  I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Name: _____

Date: _____

6324729.1 (OGLETREE)